IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| NESTOR MEDINA, ) ) Plaintiff, ) ) v. ) ) FELICIA ADKINS, *et al*, ) ) Defendants. ) ) | Case No. 24-cv-1532-RJD |

**ORDER**

**DALY, Magistrate Judge:**[1]

This matter comes before the Court for case management purposes as well as on Plaintiff's Objection to Doc. 88 Order (Doc. 94), Motion for Reconsideration (Doc. 112), and Motion for Extension of Time to File Amended Complaint (Doc. 113).

**Plaintiff's Objection to Doc. 88 Order (Doc. 94)**

On November 18, 2024, the Court entered an Order denying Plaintiff's Motion for Preliminary Injunction. (Doc. 88). On November 26, 2024, Plaintiff filed his Objection to the Court's Order (Doc. 94) challenging the Court's factual and legal conclusions. Plaintiff did not set forth the rule under which he brought his objection, but he noted that his deadline to do so was 14 days from the entry of the order. Six days later, Plaintiff filed a Motion to Withdraw Consent to the undersigned conducting proceedings in this case, (Doc. 95), which was recently reviewed and denied by Judge David W. Dugan. (Doc. 114). The undersigned believes that Plaintiff brought his objection under Federal Rule of Civil Procedure 72(b)(2), which provides for an

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 79).

objection to a Magistrate Judge's findings and recommendations on pre-trial matters where the parties have not provided their consent to the case being fully adjudicated by a magistrate judge. Fed. R. Civ. P. 72(b)(2).   This case, however, has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment, upon the parties' full consent pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.   (Doc. 79).   Unlike Rule 72, Rule 73 does not provide for review of a magistrate judge's orders by a district court judge.   Rather, "[i]n accordance with 28 U.S.C. §636(c)(3), an appeal from a judgment entered at a magistrate judge's direction may be taken to the court of appeals as would any other appeal from a district-court judgment."   Fed. R. Civ. P. 73(c).   Plaintiff may also file a motion for reconsideration of the denial of his motion for preliminary injunction if there are "manifest errors of law or fact or to present newly discovered evidence."   *See Eberhardt v. Walsh*, 122 F.4th 681, 688 (7th Cir. 2024). Unless a proper motion has been brought, however, the Court will not rule on Plaintiff's objection.

**Plaintiff's Motion for Reconsideration (Doc. 112)**

Plaintiff filed a motion for Reconsideration of this Court's Orders denying him recruitment of counsel.   (Doc. 112).   The Court previously denied Plaintiff's two motions for recruitment of counsel (Docs. 4 and 84) because Plaintiff's filings and his performance at the preliminary injunction hearing demonstrated his ability to adequately litigate this case *pro se* at that juncture. (Docs. 7 & 88).   The Court construes Plaintiff's motion as a renewed motion for recruitment of counsel but will also address Plaintiff's challenges as to its prior rulings.

While there is no constitutional or statutory right to counsel for a civil litigant, under Section 1915(e), a district court "may request an attorney to represent any person unable to afford counsel."   28 U.S.C. § 1915(e)(1); *see also Stroe v. Immigration and Naturalization Services*, 256

F.3d 498, 500 (7th Cir. 2001); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). When presented with a request to appoint counsel, a court must make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or effectively been precluded from doing so, and (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself. *Pruitt v. Mote*, 503 F.3d 647, 654-55 (7th Cir. 2007).

Plaintiff has sufficiently demonstrated reasonable attempts to obtain counsel on his own by attaching to his motion correspondence with several firms regarding representation in this case. (Doc. 112, pp. 7-21). Turning to the second prong of the test, however, the Court finds that Plaintiff is not entitled to recruitment of counsel at this time. The Seventh Circuit has instructed that "[t]o the extent it is able, the district court must consider the plaintiff's literacy, communication skills, education level, litigation experience, intellectual capacity, psychological history, physical limitations, and any other characteristics that may limit the plaintiff's ability to litigate the case." *Pennewell v. Par.*, 923 F.3d 486, 491 (7th Cir. 2019) (citation omitted). The district court must weigh Plaintiff's competency against the complexities of the case especially when the case "progresses to discovery or trial." *Perez v. Fenoglio*, 792 F.3d 768, 785 (7th Cir. 2015).

At its prior ruling, the Court considered Plaintiff's arguments that he lacked the legal knowledge and experience to adequately litigate this case, that he prepared his prior filings with the assistance of another inmate who has since been transferred to a different facility, and that he has limited access to the law library. (Doc. 88, p. 19). The Court noted that those circumstances were not unique to Plaintiff and did not warrant recruitment of counsel while the issue of exhaustion of administrative remedies was pending and merits discovery was stayed. (*Id.*). The

Page **3** of **8**

Court specifically pointed to its assessment of Plaintiff's competency based on his performance at the injunctive relief hearing, "and his ability to properly cross-examine witnesses, including medical professionals, and set forth legal arguments in a coherent and effective way." (*Id.*).

Plaintiff now argues that this case is not at any early stage anymore because "merit discovery [is] ready to begin." (Doc. 112, p. 2). However, the issue of exhaustion of administrative remedies is still pending, and the merits discovery is still stayed. The Court agrees with Plaintiff that his case may present complex legal issues during the phase of merit discovery, given the fact that he has received some treatment and that he has raised several claims, including claims for deliberate indifference to serious medical needs against medical personnel and IDOC defendants. However, the Court is confident, based on Plaintiff's performance at the preliminary injunction hearing, that he is competent to litigate this case on his own at the stage of exhaustion of administrative remedies. The plaintiff has already filed his response to the motion for exhaustion of administrative remedies, and this matter will be set for an evidentiary hearing. No medical expert testimony or opinion is required at a *Pavey* evidentiary hearing. For the most part, Plaintiff will have to testify regarding his own efforts to exhaust his administrative remedies and possibly examine any witnesses regarding the availability of administrative remedies. Plaintiff has already indicated his intent to subpoena witnesses to that effect, and there is nothing in Plaintiff's motions to indicate that he is not competent in handling that hearing on his own.

Plaintiff also points to Seventh Circuit precedent showing an abuse of discretion in denying recruitment of counsel when the court fails to weigh an inmate's personal limitations in litigating the case against the difficulties of more advanced litigation stages. (Doc. 112, pp. 4-6 ). All cited cases, however, are distinguishable from the case at bar, in that the recruitment of counsel

there was denied at a more progressed stage of litigation.

Specifically, in *Pennewell*, the Seventh Circuit reversed the district court's denial of the inmate's request for counsel where the inmate was forced to conduct discovery alone in a complex deliberate indifference to serious medical need claim. 923 F.3d 486, 492 (7th Cir. 2019). Notably, the inmate there faced limitations that are inapplicable to Plaintiff. *Id.* He was legally blind, required visual aids to read and write, and his experience as a blind inmate had caused his mental health to deteriorate. *Id.* Due to the complexities of his case and his physical limitations, the inmate was unable to obtain the opinion of a medical expert, depose a single witness or any defendant, and his interrogatories often went unanswered, resulting in the dismissal of his case on a motion for summary judgment on the merits. *Id.* Here, on the other hand, Plaintiff has not pointed to any "psychological history, physical limitations, and any other characteristics," besides his lack of legal knowledge, that may limit his ability to litigate the case at this stage. Contrary to Plaintiff's contention, the Court did consider these factors in its prior ruling by pointing to Plaintiff's performance at the preliminary injunction hearing. Notably, unlike in *Pennewell*, merits discovery here has still been stayed pending resolution of the issue of exhaustion of administrative remedies.

Likewise, in *Navejar v. Iyiola*, the Seventh Circuit found that a district court abused its discretion by not recruiting counsel without considering the inmate's competency to litigate his excessive force claim despite the fact that the plaintiff had pointed to "his limited education, mental illness, language difficulties, and lack of access to fellow prisoners or other resources for assistance after his transfer" to a different facility. 718 F.3d 692, 697 (7th Cir. 2013). Here, the Court did consider Plaintiff's competency, specifically pointing to the Court's own observation during the

hearing on the motion for preliminary injunction. Again, Plaintiff does not allege any mental or physical limitations that would impede his ability to represent himself at this early stage. Notably, at his first motion for recruitment of counsel, Plaintiff did not even indicate his level of education and did not provide any statement as to the reasons warranting his recruitment of counsel. (Doc. 4, pp. 1-2). In his second motion, Plaintiff again did not specify his level of education. (Doc. 84) He pointed to his lack of legal knowledge, the fact that his legal assistant had been transferred, and his limited access to the law library. (Doc. 84, pp. 3-4). As the Court noted before, those circumstances are not unique to Plaintiff and do not establish his inability to litigate this case at this early stage. Plaintiff has the burden to establish his lack of competence in litigating this case pro se and has simply failed to do so.

Plaintiff has not cited any case finding recruitment of counsel warranted prior to the resolution of the issue of exhaustion of administrative remedies in the absence of any other characteristics that may limit an inmate's ability to litigate the case. *Id. See, e.g.*, *Lovejoy v. Lashbrook*, No. 20-3277, 2022 WL 10966712, at *3 (7th Cir. Oct. 19, 2022) (finding that the district court did not abuse its discretion in denying recruitment of counsel where the ruling was supported by the non-complex nature of his claim, particularly at the early stages of exhaustion of administrative remedies); *Kroska-Flynn v. Richardson*, No. 21-2283, 2022 WL 171296, at *2 (7th Cir. Jan. 19, 2022) ("the court appropriately exercised its discretion in denying . . . motions for counsel" because the first motion was filed while the case "was still in its infancy," and the court justified its denial of the second motion pointing to the inmate's filings up to that point, including a motion for preliminary injunction).

Accordingly, Plaintiff's Motion for Reconsideration (Doc. 112) is **DENIED.** Plaintiff

may renew his motion should there be a change of circumstances in the future.

**Motion for Extension of Time to File Amended Complaint (Doc. 113)**

Plaintiff filed a motion asking for a 14-day extension of time, up to and including April 25, 2025, to file a motion for leave to amend the Complaint. (Doc. 113). Plaintiff's Motion for Extension of Time to File Amended Complaint (Doc. 113) is **GRANTED**. Plaintiff has up to and including **April 25, 2025,** to file a motion for leave to amend the Complaint.

**Defendants Pittman and Shah's Motion for Summary Judgment (Doc. 100)**

Defendants Pittman and Shah filed a Motion for Summary Judgment (Doc. 100) to which Plaintiff responded (Doc. 111). Plaintiff's response puts into question the availability of administrative remedies as to his claims. Accordingly, this matter is set for an evidentiary hearing on June 2, 2025, at 10:00 a.m. via videoconference before Magistrate Judge Reona J. Daly as to Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 100). The Court notes that in his response, Plaintiff indicated his intent to call a witness as well as to issue subpoenas. (Doc. 111). Plaintiff is advised that if he needs to issue a subpoena for the evidentiary hearing, he must file a motion with the Court by **May 2, 2025**. Plaintiff must demonstrate that the testimony of these witnesses will be relevant and not duplicative.

## Conclusion

For these reasons, Plaintiff's Motion for Reconsideration (Doc. 112) is **DENIED**, and Motion for Extension of Time to File Amended Complaint (Doc. 113) is **GRANTED**. Plaintiff has up to and including **April 25, 2025,** to file a motion for leave to amend the Complaint.

This matter is set for an evidentiary hearing on **June 2, 2025, at 10:00 a.m.** via

videoconference before Magistrate Judge Reona J. Daly as to Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 100). If Plaintiff wishes to subpoena witnesses for the evidentiary hearing, he must file a motion with the Court by **May 2, 2025**, demonstrating that the testimony of these witnesses will be relevant and not duplicative.

**IT IS SO ORDERED**.

**DATED: April 18, 2025**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**