IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| NESTOR MEDINA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 24-cv-1532-RJD |
| | ) | |
| | ) | |
| FELICIA ADKINS, *et al.*, | ) | |
| | ) | |
| Defendants. | | |

**ORDER**

**DALY, Magistrate Judge:**[1]

This matter is before the Court on Victor Scott Williams' Motion for Relief from Assignment of Counsel (Doc. 167). For good cause shown, the motion is **GRANTED**, and Attorney Williams is **TERMINATED** from this action. Because the circumstances warranting recruitment of counsel remain unchanged, the Court, sua sponte, assigns Attorney **Paul Hess** of the law firm of Roberts Perryman, P.C. to represent Plaintiff Nestor Medina in this civil rights case.

**IT IS HEREBY ORDERED** that, in accordance with 28 U.S.C. § 1915(e)(1) and Local Rules 83.1(j) and 83.9(b), the Court assigns Attorney **Paul Hess** of the law firm of Roberts Perryman, P.C. to represent Plaintiff Nestor Medina in this civil rights case. On or before **February 13, 2026**, assigned counsel shall enter his appearance in this case. Attorney Hess is free to share responsibilities with an attorney in his firm who is also admitted to practice in this district

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 79).

court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him to allow counsel an opportunity to review the court file. The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Hess. The electronic case file is available through the CM-ECF system.

Plaintiff is reminded that he shall not personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses up to $5,000, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement.[2] Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case. The Court has no authority to pay attorney's fees in this case. However,

---

[2] District Court Plans | Southern District of Illinois | United States District Court

if, after the assignment, counsel discovers that Plaintiff can pay for legal services in whole or in part, counsel shall bring that information to the Court's attention. *See* SDIL-LR 83.14(a).

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. The Uptown People's Law Center website also contains information and resources.

In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys, which is available as a resource. To access the guide, click on the "Attorney Information" tab at the top of the Court's website and select the "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases."

As of this date, Plaintiff's contact information is:

Nestor Medina
N90665
DANVILLE CORRECTIONAL CENTER
3820 East Main Street
Danville, IL 61834

## Conclusion

For the reasons set forth above, Victor Scott Williams' Motion for Relief from Assignment of Counsel (Doc. 167) is **GRANTED**. Attorney Victor Scott Williams is **TERMINATED**. Attorney **Paul Hess** of the law firm of Roberts Perryman, P.C. to enter his appearance by **February 13, 2026.** The Clerk of Court is **DIRECTED** to transmit this Order to Attorney Hess at Roberts Perryman, PC, 1034 S. Brentwood Suite 2100, St. Louis, Missouri 63117, as well as at

phess@robertsperryman.com. This matter will be set for a status conference upon Attorney Hess' entry of appearance.

**IT IS SO ORDERED.**

**DATED: January 30, 2026**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**
