IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

NESTOR MEDINA,               )
                             )
    Plaintiff,               )
                             )
v.                           )      Case No. 24-cv-1532-RJD
                             )
                             )
FELICIA ADKINS, *et al.*,    )
                             )
    Defendants.              )

## ORDER

**DALY, Magistrate Judge:[1]**

This matter comes before the Court on Plaintiff's Motion to Withdraw Attorney, and Request for Omnibus Equitable Relief, Instanter (Doc. 189) and his Motion for Extension of Time to File Reply (Doc. 196). It also comes before the Court for case management purposes.

1. **Plaintiff's Motion to Withdraw Attorney, and Request for Omnibus Equitable Relief, Instanter (Doc. 189)**

On January 30, 2026, the Court assigned Attorney Paul Hess to represent Plaintiff Nestor Medina in this civil rights action. (Doc. 168). The Court had previously found that the recruitment of counsel was necessary as the case progressed to merits discovery because Plaintiff was pursuing several claims against multiple defendants, including complex claims of deliberate indifference to serious medical needs. (Doc. 161). On June 29, 2026, Plaintiff moved to terminate Attorney Hess and proceed in this case pro se. He cited a lack of communication and disagreement with Attorney

---

[1] This case has been assigned to the undersigned to conduct all proceedings, including trial and final entry of judgment upon the parties' full consent pursuant to 28 U.S.C. Sec. 636(c) and Federal Rule of Civil Procedure 73. (Doc. 79).

Hess's strategy in this case, including as to the scope of an amendment to the complaint and the filing of a motion to enforce injunction. (Doc. 189).

The Court held a hearing on July 16, 2026. Plaintiff was advised of the consequences of his decision to terminate Attorney Hess. It was explained that volunteer lawyers are a limited resource, and that appointment of another counsel would not be possible. *See Cartwright v. Silver Cross Hosp.*, 962 F.3d 933, 937 (7th Cir. 2020). It was further emphasized that discovery and trial preparation, especially for cases involving complex medical issues, are challenging for unrepresented pro se inmates. The Court also warned Plaintiff that the progress of this case would be significantly disrupted and delayed if he decided to move for an extensive amendment of the Complaint to add multiple new parties, claims, and factual allegations. Having been fully informed of those consequences, Plaintiff reaffirmed his decision to terminate Attorney Hess and to proceed in this case pro se.

Accordingly, the Court **GRANTS** Plaintiff's request to terminate Attorney Hess and proceed in this case pro se. Attorney Hess is terminated from this matter. The Court sincerely thanks him for his service.

### 2. Amended Scheduling Order

In light of these developments, the final deadline to file a motion for leave to amend the complaint is extended to **August 17, 2026**. **Absent extraordinary circumstances, absolutely no further extensions of time will be granted.** Plaintiff must carefully review and comply with the following instructions, which were also set forth in the Initial Scheduling Order:

> Amendments to a complaint are governed by Federal Rule of Civil Procedure 15. If Plaintiff [] seeks to file an amended complaint pursuant to Rule 15(a)(2), he must send both the proposed amended complaint and a motion asking for leave (permission) to file the amended complaint. Defendants will have an opportunity

to object to Plaintiff's motion for leave to file an amended complaint. The Court will then review the proposed amended complaint and either grant or deny the motion to amend the complaint.

If Plaintiff . . . file[s] a motion asking for leave to amend the complaint, the following rules shall apply:

A. Plaintiff shall have until [**August 17, 2026**] to file a motion for leave to amend the complaint to include any additional claims or parties. **Failure to file a motion for leave to amend by this date [will bar] further amendment of the complaint, except for good cause shown.**

B. Plaintiff must attach the entire proposed amended complaint to the motion for leave to amend. The Court does not accept piecemeal amendments. Therefore, the proposed amended complaint must stand complete on its own, **including exhibits**. The amended complaint, if accepted, will replace the prior complaint in its entirety, so any claims or parties that are not included in the proposed amended complaint will be automatically dismissed.

C. Plaintiff's motion should explain [**with specificity**] how the proposed amended complaint differs from the complaint on file **[and specifically reference any new parties and claims]**. The proposed amended complaint also must comport with the formatting requirements of Local Rule 15.1, which provides that "[a]ll new material in an amended pleading must be underlined (or redlined, if using a program like Microsoft Word). SDIL-LR 15.1. Failure to comply with this requirement will result in rejection of the proposed amended complaint.

(Doc. 89).

Further, on July 8, 2026, the Court granted Defendants' Joint Motion for Extension of Time and vacated the dispositive motions deadline. In light of the termination of Attorney Hess and the extended deadline for amendments to the complaint, discovery reopens, and the current trial setting of March 2027 is **VACATED**. The Court will enter a new scheduling order after Plaintiff's proposed amended complaint has been filed.

### 3. Motion to Enforce Injunction

On January 12, 2026, the Court issued a mandatory preliminary injunction directing Defendants to send Plaintiff to his orthopedic surgeon, Dr. Adam Kahn, to reevaluate treatment for Plaintiff's right knee ACL deficiency. (Doc. 158, p. 10). While the issue of Plaintiff's representation was pending, Plaintiff, pro se and not through his attorney, filed a motion seeking to enforce the Court's previously issued injunction (Doc. 191). He argued that Defendants have failed to comply with the Court's mandate and asked that the Court take up that issue at the hearing set for the termination of Attorney Hess. The Court denied the motion but allowed Plaintiff to renew it after the issue of his representation was resolved. (Doc. 194).[2] Thereafter, the medical defendants filed a response, and Plaintiff moved for an extension of time to reply. (Docs. 195 & 196). During the hearing on July 16, 2026, Plaintiff moved to reinstate his motion for enforcement of the injunction and for a 7-day extension of time to file a reply. Plaintiff's motions are **GRANTED**. The motion to enforce injunction (Doc. 191) is **REINSTATED**. Plaintiff's reply is due **July 24, 2026**.

**IT IS SO ORDERED.**

**DATED: July 17, 2026**

          **Hon. Reona J. Daly**
          **United States Magistrate Judge**

---

[2] Plaintiff had also filed a pro se motion for enforcement of the injunction on February 17, 2026, which the Court also denied because Plaintiff was being represented by counsel. (Docs. 171 & 172).